IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| STEPHEN M., | * | |
| v. | * | Civil Case No. PWG-17-3515 |
| COMMISSIONER, SOCIAL SECURITY | * | |

* * * * * * * * * * * * *

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-captioned case has been referred to me to review the parties' motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). ECF 3. I have considered the Defendant's Motion to Dismiss, Plaintiff's Response, and Plaintiff's Motion to Compel. ECF 25, 28, 24. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the Social Security Administration ("SSA") if it is supported by substantial evidence and if the SSA employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). For the reasons set forth below, I recommend that the SSA's Motion to Dismiss be GRANTED, Plaintiff's Motion to Compel be DENIED, and the Court AFFIRM the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g).

## I. FACTS

Plaintiff has filed for Disability Insurance Benefits ("DIB") three times, in 1988, 2000, and 2014. Tr. 2298. The SSA's denial of Plaintiff's 2000 application was ultimately affirmed by United States District Judge Roger Titus, following a Report and Recommendation by United States Magistrate Judge Thomas M. DiGirolamo. *McFadden v. Barnhart*, Civil No. RWT-04-

1516 (D. Md. July 25, 2005). Plaintiff filed his most recent application for DIB on April 18, 2014. Tr. 2586-87. His application was denied initially and upon reconsideration. Tr. 2400-06. An ALJ dismissed Plaintiff's request for a hearing on September 2, 2016, under the doctrine of res judicata. Tr. 2298-2300. The Appeals Council denied Plaintiff's request for review on September 23, 2017, making the ALJ's dismissal the final, reviewable decision of the SSA. Tr. 2293-94. Plaintiff timely filed the instant action on November 27, 2017. ECF 1.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). While the plaintiff bears the burden of proving that a court has jurisdiction over the claim or controversy at issue, a Rule 12(b)(1) motion should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Trentacosta v. Frontier Pac. Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir. 1987)). In a motion to dismiss for lack of subject matter jurisdiction, the pleadings should be regarded as "mere evidence on the issue," and courts "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *Trentacosta*, 813 F.2d at 1558).

## III.    ANALYSIS

Plaintiff claims a variety of bases for subject matter jurisdiction, including: the Social Security Act, the United States Constitution, the Mandamus Act, federal question jurisdiction, and the Declaratory Judgment Act. The SSA argues that all of these bases are lacking. I agree, and discuss each in turn.

**A. Jurisdiction to Review Application of Res Judicata under the Social Security Act**

First, the SSA argues that this Court lacks jurisdiction over Plaintiff's appeal because the SSA properly applied the principle of res judicata to bar Plaintiff's claim. ECF 25-1 at 4-11. The Social Security Act ("the Act") provides, in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Section 405(h) of the SSA further provides that "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." *Id.* § 405(h). Thus, § 405(g) is generally "the sole avenue for judicial review of all claim[s] arising under" the SSA. *See Heckler v. Ringer*, 466 U.S. 602, 602 (1984) (quotation and citation omitted).

The SSA can apply the doctrine of res judicata to avoid claimants "indefinitely extend[ing]" the adjudication of their claims after a denial of benefits. *Easley v. Finch*, 431 F.2d 1351, 1353 (4th Cir. 1970). An ALJ can apply res judicata to dismiss a hearing request if the SSA "made a previous determination or decision . . . about [a claimant's] rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action." 20 C.F.R. § 404.957(c)(1). When a claimant appeals a dismissal on the basis of res judicata, "the district court has jurisdiction to determine, as appropriate, whether res judicata has properly been applied, or whether, though res judicata might properly have been applied, the claim has nevertheless been reopened." *McGowen v. Harris*, 666 F.2d 60, 66 (4th Cir. 1981) (citing *Farley v. Califano*, 599 F.2d 606, 608 (4th Cir. 1979)). The court's examination of the SSA's application of res judicata is an exercise of the

court's "inherent jurisdiction to determine its own jurisdiction." *Id.* (citing *Texas & Pac. Ry. v. Gulf, Colo. & Santa Fe Ry.*, 270 U.S. 266, 274 (1926)).

Here, the ALJ applied res judicata to dismiss Plaintiff's request for review because Plaintiff's current claim was based on "the same facts and same issues" as his 2000 application. Tr. 2300. The ALJ decision in Plaintiff's 2000 application evaluated his claim for DIB from his alleged onset date, August 7, 1987, through his date last insured, June 30, 1994. Tr. 74-75. Plaintiff's 2014 application covered the same time period. Tr. 2298.[1] Therefore, the ALJ properly applied res judicata in dismissing Plaintiff's claim.

1. **Revision to Immune System and Mental Disorder Listings**

Plaintiff argues that because the listings for immune system disorders and mental disorders were revised after his 2000 application was denied, and because he alleges immune system and neurocognitive disorders, the ALJ should not have applied res judicata, but rather should have made a new substantive determination, as directed by the SSA's Program Operations Manual System ("POMS"), DI 27516.010. ECF 28 at 7-8, 11; ECF 28-1 at 38-39.[2] The SSA argues that because the ALJ denied Plaintiff's 2000 application at step two of the five-step evaluation process, *see* 20 C.F.R. § 404.1520, and did not reach the listings at step three, a new substantive decision is not necessary. ECF 25-1 at 8-9. I agree with the SSA.

In determining whether a claimant is disabled within the meaning of DIB claims, the SSA has promulgated regulations that set forth a five-step sequential evaluation procedure. 20 C.F.R. § 404.1520. This five-step process, described by the Supreme Court in *Bowen v. Yuckert,* 482

---

[1] The ALJ mistakenly wrote that Plaintiff's alleged onset date was August 10, 1997. Tr. 2298. The record shows the correct date was the same alleged onset date as in Plaintiff's earlier applications—August 7, 1987. Tr. 2586.

[2] Notably, POMS is considered a "nonbinding policy statement[] and guidance document[]." *Patterson v. Comm'r, Soc. Sec. Admin.*, 846 F.3d 656, 661 (4th Cir. 2017).

U.S. 137 (1987), begins with the ALJ determining whether the claimant is engaged in substantial gainful activity ("SGA"), which is defined for DIB claims in 20 C.F.R. §§ 404.1510, 404.1572. If the claimant is engaged in SGA, the claimant is not considered disabled. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is not engaged in substantial gainful activity, the ALJ proceeds to step two and examines the physical and/or mental impairments alleged by the claimant to determine whether the impairments meet the durational and severity requirements set forth in 20 C.F.R. §§ 404.1509, 404.1520(c). If the claimant does not have a severe impairment that meets the duration requirement, the claimant is considered not disabled. 20 C.F.R. § 404.1520(a)(4)(ii).

If the impairment or impairments meet the durational and severity requirements, the ALJ's analysis proceeds to a third step—a consideration of whether the impairment or impairments, either severally or in combination, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, which is known as the listing of impairments ("listings"). 20 C.F.R. § 404.1520(a)(4)(iii); *Bowen,* 482 U.S. at 141; *Mastro v. Apfel,* 270 F.3d 171, 177 (4th Cir. 2001). If one of the listings is met, disability will automatically be found without consideration of age, education, or work experience. If no listing is met, however, the ALJ moves to a fourth step and considers whether the claimant retains the residual functional capacity ("RFC") to perform past relevant work. *Bowen,* 482 U.S. at 141; *Mastro,* 270 F.3d at 177. If the claimant is not capable of performing his or her past relevant work, the ALJ moves to a fifth step and considers whether, based upon the claimant's RFC, age, education, and past work experience, the claimant is capable of some other work. 20 C.F.R. § 404.1520(a)(4)(v); *Bowen,* 462 U.S. at 142; *Mastro,* 270 F.3d at 177.

Here, at step one in Plaintiff's 2000 application, the ALJ found in Plaintiff's favor that he had not performed SGA. Tr. 78. Accordingly, the ALJ proceeded to step two and found that Plaintiff did not have a severe impairment, as defined by the regulations, because he "does not have an impairment that imposes even minimal restrictions on the claimant's ability to perform basic work tasks." Tr. 79. In accordance with the regulations, the ALJ ceased the evaluation process at step two and found Plaintiff not disabled. 20 C.F.R. § 404.1520(a)(4)(ii). The ALJ's decision did not rely at all on the listings, which are only evaluated at step three of the evaluation process. Therefore, the ALJ's decision in Plaintiff's 2000 application need not be reassessed based on revisions to the listings.

   **2.   Reopening Decisions**

The SSA's regulations allow cases which are otherwise final to be reopened, 20 C.F.R. § 404.988, and "[a] decision that is subject to being reopened provides an inappropriate bar" on grounds of res judicata. *Grose v. Cohen*, 406 F.2d 823, 825 (4th Cir. 1969). Within four years of "the notice of the initial determination," the SSA may reopen for good cause, such as "[n]ew and material evidence," or if the evidence relied on "clearly shows on its face that an error was made." 20 C.F.R. §§ 404.988(b), 404.989. If more than four years passes after the notice of the initial determination, the case may only be reopened for the specific reasons listed in 20 C.F.R. § 404.988(c), which include reasons such as fraud, clerical error, and criminal convictions affecting the right to receive benefits.

Here, more than four years passed between the denial of Plaintiff's 2000 application and the filing of his 2014 application. The notice of initial determination in Plaintiff's 2000 application was dated July 21, 2000. Tr. 150. Plaintiff has not alleged any circumstances that warrant reopening under 20 C.F.R. § 404.988(c). The ALJ found that the new evidence

submitted by Plaintiff related back to the date of the original decision, but that it was "not material because it [did] not contain facts that would result in a conclusion different from those originally reached had the new evidence been introduced or available at the time of the previous determinations." Tr. 2299. While I agree with the ALJ that the materials submitted by Plaintiff would not change the outcome of Plaintiff's 2000 application, the ALJ was not required to inquire whether the new evidence was material, because over four years had passed from the initial determination notice in 2000. Plaintiff correctly points out that the Appeals Council was wrong when it stated in its denial of review that the additional evidence did "not relate to the period at issue," Tr. 2294. However, that mistake was harmless, because Plaintiff's previous decision should not have been reopened under 20 C.F.R. § 404.988 regardless of whether the new evidence related to the period of Plaintiff's claim for benefits.

In support of his instant claim, Plaintiff argues that as a result of his appendectomy in 2013, he discovered that he suffered from "a phlegmoneous appendicitis that adhered his cecum to his abdominal wall by scar tissue," and that he had been suffering from this medical issue for three decades, dating back to the relevant time period of his DIB claim. ECF 1 at 23. While the ALJ wrote that "[t]here is no statement from a medical professional corroborating" Plaintiff's claim, Tr. 2300, and Plaintiff promptly after the ALJ's dismissal furnished letters from Dr. David Buscher to support his argument, Tr. 2363-66, the fact remains that the period for Plaintiff's claim to be reopened on the basis of new and material evidence has long since passed.

**B. Constitutional Claims**

A court may have jurisdiction to hear constitutional challenges related to a Social Security claim, even if there is no jurisdiction under 42 U.S.C. § 205(g), because to do otherwise would "effectively [close] the federal forum to the adjudication of colorable constitutional claims."

*Califano v. Sanders*, 430 U.S. 99, 109 (1977). However, only in "rare instances" would a denial of a request to reopen a claim be challenged on a colorable constitutional basis. *Id.* This case is not one of those rare instances.

Plaintiff alleges violations of his due process rights and that his "Equal Protection right not to be disadvantaged in [his disability] determination[] as compared to others with different medical diagnoses, treating physicians, state of residence, size of claim file, or representational status." ECF 1 at 7. Plaintiff claims he was discriminated against on those various bases in his 1988, 2000, and 2014 applications. Plaintiff alleges his due process rights were violated in his instant DIB claim, because his requests to view his old case files were not granted. ECF 1 at 7, 11. In two letters in late 2014, Plaintiff requested to view the files from his two previous claims to help him substantiate his claims of new evidence. Tr. 2539, 2541. I find no basis to suggest that the failure to furnish Plaintiff with the record of his two previous claims before the ALJ's dismissal violated his due process rights. Regarding Plaintiff's claims of constitutional violations related to his 1988 and 2000 applications, those claims were rejected by this Court in his previous appeal, and I find no reason to revisit those claims. I reach the same conclusion that United States Magistrate Judge Thomas M. DiGirolamo reached in 2005, "[t]he Court has reviewed those arguments and finds that Plaintiff's assertions do not constitute a valid basis for reopening his 14 year old disability claim." *McFadden v. Barnhart*, Civil Action No. RWT-04-1516, R & R at 8 (D. Md. July 6, 2005), *adopted by* Mem. Op. (D. Md. July 25, 2005).

**C. Mandamus, 28 U.S.C. § 1361**

The Supreme Court and Fourth Circuit have not expressly decided whether 42 U.S.C. § 405(h) forecloses the courts' jurisdiction to hear mandamus claims arising under the Social Security Act. *See Heckler v. Ringer*, 466 U.S. 602, 616 (1984) ("We have on numerous

occasions declined to decide whether the third sentence of § 405(h) bars mandamus jurisdiction over claims arising under the Social Security Act."); *Your Home Visiting Nurse Servs., Inc. v. Shalala*, 525 U.S. 449, 456 n.3 (1999); *Monger v. Brown*, 817 F.2d 15, 17 n.2 (4th Cir. 1987). Plaintiff cites to *Binder & Binder PC v. Barnhart*, 399 F.3d 128 (2nd Cir. 2005), and *Pronti v. Barnhart,* 339 F. Supp. 2d 480 (W.D.N.Y. 2004), to support his claim for mandamus jurisdiction, as well as the other bases of jurisdiction he alleges. This Court is not within the Second Circuit, and those decisions are not binding on this Court. However, even if mandamus jurisdiction for Social Security claims were adopted within the Fourth Circuit, Plaintiff would not prevail.

Mandamus is a "drastic [remedy], to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 402 (1976). It is available only when a plaintiff "has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler*, 466 U.S. at 616-617. The regulation governing reopening of cases lists the conditions under which the SSA "may" reopen a decision. 20 C.F.R. § 404.988. Because the reopening of a decision is discretionary under 20 C.F.R. § 404.988, it would be improper for a court to issue a writ of mandamus requiring the SSA to reopen a decision. *Monger*, 817 F.2d at 17-18; *See Califano v. Sanders*, 430 U.S. 99, 107-09 (1977). Therefore, even assuming *arguendo* that the Plaintiff may claim mandamus jurisdiction under 28 U.S.C. § 1361, this Court cannot issue a writ of mandamus, because the SSA does not owe Plaintiff a clear nondiscretionary duty to reopen his case.

### D. Federal Question Jurisdiction, 28 U.S.C. § 1331

Next, Plaintiff contends that the Court has federal question jurisdiction under 28 U.S.C. § 1331. ECF 1 at 3, 10. Generally, sovereign immunity protects the federal government and its

agencies from being sued, absent an express waiver. *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). The Social Security Act contains an exclusive remedy provision that expressly bars claimants from bringing actions relating to Social Security claims under 28 U.S.C. § 1331. *See* 42 U.S.C. § 405(h) ("No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter."). Instead, jurisdiction over cases "arising under" Social Security exists only under 42 U.S.C. § 405(g), which requires a final agency decision in advance of judicial review. *See* 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action."); *but see Califano v. Sanders*, 430 U.S. 99, 108-09 (1977) (recognizing exceptions when holding otherwise effectively "close[] the federal forum to the adjudication of colorable constitutional claims.") As previously discussed, Plaintiff does not have a colorable constitutional claim collateral to his claim for benefits. Accordingly, subject matter jurisdiction does not exist under 28 U.S.C. § 1331.

**E. Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202**

Next, Plaintiff contends that the Court has subject matter jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Specifically, those provisions provide declaratory relief as an additional remedy, and permit a "federal court to declare the rights of a party whether or not further relief is or could be sought." *Int'l Coal. for Religious Freedom v. State of Md.*, 3 F. App'x 46, 51 (4th Cir. 2001) (quoting *Green v. Mansour*, 474 U.S. 64, 72 (1985)). However, "[i]t is apparent that the plaintiff may not allege jurisdiction solely under 28 U.S.C. §§ 2201 or 2202. Those sections do not extend the jurisdiction of the federal courts but

merely extend the range of remedies available in cases which otherwise fall within the jurisdiction of the courts." *Evans v. Chesapeake & Potomac Tel. Co. of Md.*, Civil Action No. M-80-2898, 1981 WL 145, at *2 (D. Md. Apr. 2, 1981) (citing *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667 (1950)). Therefore, 28 U.S.C. §§ 2201 and 2202 provide no independent basis of subject matter jurisdiction. Having found no independent basis of subject matter jurisdiction, I recommend Defendant's Motion to Dismiss be granted. Because I so recommend, I will not address Defendant's alternative argument to dismiss all Defendants other than the Acting Commissioner of Social Security, ECF 25-1 at 16-17.

### F. Plaintiff's Motion to Compel

Following the SSA's filing of an official transcript of the administrative proceedings, ECF 27, Plaintiff filed a Motion to Compel the SSA to file an amended transcript, ECF 24. Plaintiff claims that documents are missing from the transcript, including two DVDs containing approximately 2,500 pages of medical records and the records of Plaintiff's previous case in this court. ECF 24 at 2-3. The SSA maintains that it produced the full administrative record upon which the ALJ relied. ECF 25-1 at 7 n.1. Even assuming Plaintiff is correct that medical records he submitted are missing from the transcript, for the reasons explained above, the time for Plaintiff's previous claim to be reopened based on new and material evidence has expired. The record before the Court suffices to make the above findings regarding the SSA's application of res judicata. Therefore, I recommend that Plaintiff's Motion to Compel, ECF 24, be DENIED.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that:

1. the Court GRANT Defendant's Motion to Dismiss, ECF 25;

2. the Court DENY Plaintiff's Motion to Compel, ECF 24;

3. the Court AFFIRM the SSA's decision under sentence four of 42 U.S.C. § 405(g); and

4. the Court order the Clerk to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: February 21, 2018                                /s/
                                                   Stephanie A. Gallagher
                                                   United States Magistrate Judge